1  KAREN P. HEWITT
   United States Attorney
2  W. MARK CONOVER
   Assistant United States Attorney
3  California State Bar No. 236090
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5200/ (619)235-2757(Fax)
   E-mail: mark.conover@usdoj.gov
6
7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

   UNITED STATES OF AMERICA,        )    Criminal Case No. 08CR0799-BEN
9                                    )
            Plaintiff,               )    DATE:        September 8, 2008
10                                   )    TIME:        2:00 p.m.
            v.                       )
11                                   )    GOVERNMENT'S RESPONSE TO DEFENDANT'S
                                     )    MOTIONS TO:
12 GILBERTO PLACENCIA-MEDINA,        )
                                     )    (1)    COMPEL DISCOVERY;
13          Defendant.               )    (2)    LEAVE TO FILE FURTHER MOTIONS
   _____
14

15

16         Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt,

17 United States Attorney, and W. Mark Conover, Assistant United States Attorney, hereby files its

18 Response and Opposition to the defendant's above-referenced motions.  This Response and Opposition

19 is based upon the files and records of the case together with the attached statement of facts and

20 memorandum of points and authorities.

21                                      **I.**

22                        **STATEMENT OF THE CASE**

23         On March 19, 2008, a federal grand jury in the Southern District of California returned a true bill

24 of Indictment charging David Frias Hernandez ("Defendant") with one count of Attempted Entry After

25 Deportation in violation of Title 8, United States Code, § 1326(a) and (b).  Defendant was arraigned on

26 the indictment on June 20, 2008 and entered a plea of "not guilty."

27 / / /

28 / / /

## II.

## STATEMENT OF THE FACTS

### A.    IMMIGRATION HISTORY

Defendant is a Mexican citizen who was ordered removed by an immigration judge on August 4, 2003.  Defendant has also been physically removed from the United States on numerous occasions. His latest removal occurred on July 18, 2007..

### B.    RAP SHEET SUMMARY CHART

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 3-28-06 | CASC Los Angeles | PC 245 (A)(1) Force/ADW Not Firearm: GBI Likely | 3 years prison |
| 1-27-03 | CASC Los Angeles | PC 166 (A) (4) Contemp: Disobey Court Order/Etc. | 180 days jail |
| 3-8-01 | CASC Los Angeles | PC 148.9 (A) False ID to Specific Peace Officers | 30 days jail |
| 10-8-98 | CASC Los Angeles | VC 23152(a) DUI Alcohol/ 0.08% with Priors | 16 months prison |

### C.    DEFENDANT'S APPREHENSION

On July 21, 2007, David Frias Hernandez ("Defendant") was apprehended by U.S. Border Patrol Agents near Imperial Beach, California.  Upon questioning, Defendant freely admitted he was a Mexican citizen without documents to be in the United States legally.  Defendant was booked into county jail for a parole violation and an Immigration Hold (I-247) was placed pending his release.

On March 20, 2008, Defendant was released from Donovan State Prison and referred to custody of Immigration and Customs Enforcement in San Diego, California.

/ / /

/ / /

/ / /

/ / /

### III.

### POINTS AND AUTHORITIES

**A.    DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

**1.    The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

**a.    The Government Will Comply With Rule 16(a)(1)(D)**

To the extent he has a criminal record, Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record. Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

**b.    The Government Will Comply With Rule 16(a)(1)(E)**

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available. Counsel should contact the Assistant United States Attorney assigned to the case two weeks before the scheduled trial date and

1  the Assistant will make arrangements with the case agent for counsel to view all evidence within the

2  government's possession.

3          c.    The Government Will Comply With Rule 16(a)(1)(F)

4          The government will permit Defendant to inspect and copy or photograph any results or reports

5  of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are

6  within the possession of the government, and by the exercise of due diligence may become known to the

7  attorney for the government and are material to the preparation of the defense or are intended for use by

8  the government as evidence-in-chief at the trial.  Counsel for Defendant should contact the Assistant

9  United States Attorney assigned to the case and the Assistant will make arrangements with the case agent

10  for counsel to view all evidence within the government's possession.

11

12          d.    The Government Will Comply With Its Obligations Under Brady v. Maryland
        The government is well aware of and will fully perform its duty under Brady v. Maryland, 373

13  U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within

14  its possession that is material to the issue of guilt or punishment.  Defendant, however, is not entitled

15  to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains

16  to the credibility of the government's case.  As stated in United States v. Gardner, 611 F.2d 770 (9th Cir.

17  1980), it must be noted that:

18          [T]he prosecution does not have a constitutional duty to disclose every bit of information
        that might affect the jury's decision; it need only disclose information favorable to the
19          defense that meets the appropriate standard of materiality.

20  611 F.2d at 774-775 (citations omitted).  See also United States v. Sukumolachan, 610 F.2d 685, 687

21  (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); United

22  States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial privileges not

23  contained in the Federal Rules of Criminal Procedure).

24          e.    Discovery Regarding Government Witnesses

25          (1)    Agreements.  The government has disclosed or will disclose the terms of

26  any agreements by Government agents, employees, or attorneys with witnesses that testify at trial.  Such

27

28

1    information will be provided at or before the time of the filing of the Government's trial memorandum.[1]

2    The government will comply with its obligations to disclose impeachment evidence under <u>Giglio v.</u>

3    <u>United States</u>, 405 U.S. 150 (1972).

4                    (2)    <u>Bias or Prejudice.</u>    The government has provided or will provide

5    information related to the bias, prejudice or other motivation to lie of government trial witnesses as

6    required in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

7                    (3)    <u>Criminal Convictions.</u> The government has produced or will produce any

8    criminal convictions of government witnesses plus any *material* criminal acts which did not result in

9    conviction.  The government is not aware that any prospective witness is under criminal investigation.

10                    (4)    <u>Ability to Perceive.</u>  The government has produced or will produce any

11    evidence that the ability of a government trial witness to perceive, communicate or tell the truth is

12    impaired or that such witnesses have ever used narcotics or other controlled substances, or are

13    alcoholics.

14                    (5)    <u>Witness List.</u>  The government will endeavor to provide Defendant with

15    a list of all witnesses which it intends to call in its case-in-chief at the time the government's trial

16    memorandum is filed, although delivery of such a list is not required.  <u>See</u> <u>United States v. Dischner</u>,

17    960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States</u>

18    <u>v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not entitled to the production of

19    addresses or phone numbers of possible government witnesses.  <u>See</u> <u>United States v. Thompson</u>, 493

20    F.2d 305, 309 (9th Cir. 1977), <u>cert. denied</u>, 419 U.S. 834 (1974).  Defendant has already received access

21    to the names of potential witnesses in this case in the investigative reports previously provided to him

22    or her.

23                    (6)    <u>Witnesses Not to Be Called.</u>  The government is not required to disclose

24    all evidence it has or to make an accounting to Defendant of the investigative work it has performed.

25

26            [1]        As with all other offers by the government to produce discovery earlier than it is required
      to do, the offer is made without prejudice.  If, as trial approaches, the government is not prepared
27    to make early discovery production, or if there is a strategic reason not to do so as to certain
      discovery, the government reserves the right to withhold the requested material until the time it is
28    required to be produced pursuant to discovery laws and rules.

1    Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th

2    Cir. 1980).  Accordingly, the government objects to any request by Defendant for discovery concerning

3    any individuals whom the government does not intend to call as witnesses.

4              (7)    Favorable Statements.  The government has disclosed or will disclose the

5    names of witnesses, if any, who have made favorable statements concerning Defendant which meet the

6    requirements of Brady.

7              (8)    Review of Personnel Files.  The government has requested or will request

8    a review of the personnel files of all federal law enforcement individuals who will be called as witnesses

9    in this case for Brady material.  The government will request that counsel for the appropriate federal law

10   enforcement agency conduct such review.  United States v. Herring, 83 F.3d 1120 (9th Cir. 1996); see,

11   also, United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992); United States v. Dominguez-Villa,

12   954 F.2d 562 (9th Cir. 1992).

13   Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v. Cadet,

14   727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense

15   that meets the appropriate standard of materiality . . ." United States v. Cadet, 727 F.2d at 1467, 1468.

16   Further, if counsel for the United States is uncertain about the materiality of the information within its

17   possession in such personnel files, the information will be submitted to the Court for in camera

18   inspection and review.

19             (9)    Government Witness Statements.  Production of witness statements is

20   governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies on direct

21   examination. United States v. Taylor , 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills,

22   641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and therefore

23   subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks

24   Act, need not be revealed until such time as the witness statement is disclosed under the Act.  See United

25   States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

26   The government reserves the right to withhold the statements of any particular witnesses it deems

27   necessary until after the witness testifies.  Otherwise, the government will disclose the statements of

28   witnesses at the time of the filing of the government's trial memorandum, provided that defense counsel

has complied with Defendant's obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse <u>Jencks</u>" statements at that time.

> f.    The Government Objects To The Full Production Of Agents' Handwritten Notes <u>At This Time</u>

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions *and* they have been approved or adopted by the witness. <u>United States v. Spencer</u>, 618 F.2d 605, 606-607 (9th Cir. 1980); <u>see also</u> <u>United States v. Griffin</u>, 659 F.2d 932, 936-938 (9th Cir. 1981).

> g.    <u>All Investigatory Notes and Arrest Reports</u>

The government objects to any request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to Defendant. Such reports, except to the extent that they include <u>Brady</u> material or the statements of Defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports may have already been produced to the defense, the government is not required to produce such reports, except to the extent they contain <u>Brady</u> or other such material. Furthermore, the government is not required to disclose all evidence it has or to render an accounting to Defendant of the investigative work it has performed. <u>Moore v. Illinois</u>, 408 U.S. 786, 795 (1972); <u>see</u> <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th Cir. 1980).

> h.    <u>Expert Witnesses</u>.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the government will provide the defense with notice of any expert witnesses the testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses'

1  qualifications.  Reciprocally, the government requests that the defense provide notice of its expert

2  witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

3                          i.        Information Which May Result in Lower Sentence.

4          Defendant has claimed or may claim that the government must disclose information about any

5  cooperation or any attempted cooperation with the government as well as any other information affecting

6  Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland.

7  The government respectfully contends that it has no such disclosure obligations under Brady.

8          The government is not obliged under Brady to furnish a defendant with information which he

9  already knows.  United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied, 479 U.S.

10  1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977).  Brady is a rule of disclosure.

11  There can be no violation of Brady if the evidence is already known to Defendant.

12          Assuming that Defendant did not already possess the information about factors which might

13  affect their respective guideline range, the government would not be required to provide information

14  bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and

15  prior to his sentencing date.  "No [Brady] violation occurs if the evidence is disclosed to the defendant

16  at a time when the disclosure remains of value."  United States v. Juvenile Male, 864 F.2d 641 (9th Cir.

17  1988).

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    **B.     THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS,**

2    **SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

3    The Government does not object to the granting of leave to file further motions as long as the

4    order applies equally to both parties and any additional defense motions are based on newly discovered

5    evidence or discovery provided by the Government subsequent to the instant motion.

6    **IV.**

7    **CONCLUSION**

8    For the foregoing reasons, the Government respectfully requests that, except where unopposed,

9    Defendant's Motions be denied.

10

11    DATED: September 3, 2008

12                                                          Respectfully Submitted,

13                                                          KAREN P. HEWITT
                                                           United States Attorney

14                                                          s/W. Mark Conover
                                                           W. MARK CONOVER
15                                                          Assistant United States Attorney
                                                           Attorneys for Plaintiff
16                                                          United States of America

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR2418-WQH |
| Plaintiff | CERTIFICATE OF SERVICE |
| v. | |
| DAVID FRIAS-HERNANDEZ, | |
| Defendant(s). | |

IT IS HEREBY CERTIFIED THAT:

I, W. MARK CONOVER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Inge Brauer

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008.

s/ W. Mark Conover
W. MARK CONOVER